**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ANDERSON CARTER,**

   **Plaintiff,**

v.                                                                        Case No.: 8:13-CV-2135-T-17EAJ

**FLORIDA HIGHWAY PATROL, et al.,**

   **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the Court construes as a motion for leave to proceed in forma pauperis.[1]

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Plaintiff's Affidavit of Indigency consists of two pages that include Plaintiff's address, his signature, and a statement that Plaintiff declares the information to be true under penalty of perjury. However, Plaintiff does not provide any information about his income, financial obligations, marital

---

[1] The motion has been referred to the undersigned for disposition or a Report and Recommendation (Dkt. 2). See 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

status, dependents, or property ownership. Nor is the affidavit notarized as required. Given the deficiencies in Plaintiff's affidavit, the Court lacks sufficient information to make a determination on Plaintiff's motion to proceed in forma pauperis.

Moreover, while complaints are construed more liberally in pro se actions, Plaintiff is subject to the same law and rules of court as a litigant represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff submitted a "Civil Rights Complaint Form" in which he states that a Florida Highway Patrol Trooper pulled Plaintiff over and issued a warning because one headlight on his vehicle was brighter than the other headlight. (Dkt. 1 at 6) Plaintiff contends that there was nothing wrong with the headlight, and the Florida Highway Patrol Trooper targeted Plaintiff because he is an African American and a member of the Muslim faith. (Id. at 5-6) Plaintiff alleges generally that the trooper's conduct violated the Bill of Rights. However, Plaintiff's complaint fails to specify a cause of action under federal law and to provide sufficient facts to state a claim that is plausible on its face. See Bell Atl. Corp., 550 U.S. at 570. Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's complaint should be dismissed with leave to file a complaint that meets the standard above.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's construed motion for leave to proceed in forma pauperis (Dkt. 2) be **DENIED WITHOUT PREJUDICE**;

(2) Plaintiff be granted an opportunity to file an amended complaint and a new motion to proceed in forma pauperis supplemented with complete financial information; and

(3) Plaintiff's failure to timely file an amended complaint could result in dismissal of this case without further order. See Local Rule 3.10(a), M.D. Fla.

**Date: August 20, 2013**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff